**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK PIERCE, | No. 09-16037 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-01554-JF |
| v. | |
| WELLS FARGO BANK, N.A., | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Argued and Submitted May 10, 2010

San Francisco, California

Before: REINHARDT, W. FLETCHER and N.R. SMITH, Circuit Judges.

Patrick Pierce filed suit in the Superior Court of California, County of Santa

Clara, asserting state common law claims against Wells Fargo Bank for its failure

to pay him severance benefits in violation of its alleged oral promises to him

during its acquisition of Pierce's former employer, Greater Bay Bancorp. Wells

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Fargo removed the action to district court.  The district court denied Pierce's motion to remand and granted Wells Fargo's motion to dismiss.  We vacate and remand to the district court with instructions to remand to state court.

Removal from state to federal court was proper only if there is federal subject matter jurisdiction based on complete preemption of Pierce's claims under ERISA.  *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009).  We review questions of subject matter jurisdiction *de novo*, and the burden of establishing federal subject matter jurisdiction falls on the party invoking removal.  *Id.*

The law in this circuit has been clarified since the district court's order denying remand.  Under *Marin General*, to determine if there is federal removal jurisdiction we apply the two-prong test for complete preemption from *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004).  Pierce's original complaint fails the second prong of the *Davila* test, and therefore is not completely preempted, because it alleges an "'independent legal duty that is implicated by the defendant's actions.'" *Marin Gen.*, 581 F.3d at 949 (quoting *Davila*, 542 U.S. at 210).

Pierce's original complaint can reasonably be read to allege that Wells Fargo formed a contract with Pierce under which it agreed to pay Pierce a specified amount if Pierce continued to work through completion of the acquisition.  Even if

2

the words of the oral contract specified the amount owed as "benefits under the CIC Plan," a reasonable interpretation of those words is that the contract meant "benefits equivalent to those under the CIC Plan." If that is the contract's meaning, it imposes an independent obligation that is "in no way based on an obligation under an ERISA plan." *Marin Gen.*, 581 F.3d at 950. Indeed, like the hospital in *Marin General*, 581 F.3d at 947, "[Pierce] is claiming this amount precisely because it is not owed under [his] plan."

Because Pierce's original complaint can reasonably be read to allege that Wells Fargo violated an independent legal obligation, which references the Plan only to define the amount owed, there is no complete preemption under ERISA. Removal was therefore improper. *See id.*

VACATED AND REMANDED.